UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DAVID C. SCHREIBER, et al.,

      Plaintiffs,

v.          Case No. 5:11-cv-211-32TBS

OCWEN LOAN SERVICING, LLC,

      Defendant.
_____

REPORT AND RECOMMENDATION[1]

Pending before the Court is Defendant Ocwen Loan Servicing, LLC's Motion to Dismiss Plaintiffs' Complaint. (Doc. 6). Plaintiff filed a response in opposition (Doc. 12), and thus, this matter is ripe for review. On September 29, 2011, the motion was referred to the undersigned for the preparation of a Report and Recommendation. (Doc. 18). For the reasons discussed below, Defendant's motion to dismiss should be granted and Plaintiffs' complaint should be dismissed with leave to amend.

    I.    BACKGROUND

Plaintiffs, David C. Schreiber and Bernadette Schreiber (the "Schreibers"), are attempting to assert a number of federal and state law claims against Defendant, Ocwen Loan Servicing, LLC ("Ocwen") related to an earlier foreclosure action between the same parties in state court. On April 18, 2011, the Schreibers commenced this action against Ocwen by filing a document entitled "Affidavit of Complaint to Quiet Title

---

[1] Any party may file and serve specific, written objections hereto within fourteen (14) days after service of this Report and Recommendation. Failure to do so shall bar the party from a de novo determination by a district judge of an issue covered herein and from attacking factual findings on appeal. See 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(a), 6(a) & (e); M.D. Fla. R. 6.02(a) & 4.20.

to Real Property", which the Court has construed as a complaint. (Doc. 1). The Schreibers allege that they were the owners and/or entitled to possession of the property located at 215 Marion Oaks Golf Way, Ocala, Florida 34473. In November, 2009, Ocwen, which held the mortgage on the property, sued to foreclose -- Case No. 09-6248-CA-G in the Circuit Court of the Fifth Judicial Circuit of the State of Florida in and for Marion County.

In their complaint, the Schreibers allege that Ocwen has no legal or equitable right, claim or interest in the property; that the foreclosure was fraudulent; and that Ocwen's conduct constitutes criminal theft and civil theft. The Schreibers seek: (1) a declaration that title to the subject property is vested in them alone, that Ocwen has no interest and that Ocwen is forever enjoined from any adverse interest; (2) an order compelling Ocwen to transfer title and possession; (3) total restitution of $535,200 for "Federal Lending Law Penalties, Punitive Damages, and Treble Damages", which according to the Schreibers constitutes full satisfaction of the mortgage and note plus three times the value of the note in restitution.

The Schreibers attached as exhibits to the complaint and specifically incorporated by reference, two letters they apparently sent to Ocwen prior to filing this lawsuit. (Doc. 1, Exhibits A & B).[2] In a letter dated March 15, 2011, the Schreibers attempted to "exercise [their] rights under the Federal Truth in Lending Act, 15 U.S.C. §1635, Regulation Z §226.23, to rescind" their mortgage loan claiming that the Truth in Lending disclosure statement was defective. They demanded an accounting of their loan under RESPA and claimed they did not "give our permission to the Mortgage

---

[2]The Court may consider these letters attached to the Complaint when ruling on the motion to dismiss. See Quiller v. Barclays American/Credit, Inc., 727 F.2d 1067, 1069 (11th Cir. 1984).

Company to sell our credit and we want our cut of the profits." They made demand under "the terms of the mortgage and all Federal (TILA, RESPA, RICO) and State Law for full satisfaction of the mortgage and note plus three times the value of the note in damages, plus punitive and/or exemplary damages per violation."

In the second letter, which is undated, the Schreibers made a demand for:

> THE NAMES AND CONTACT INFORMATION ALONG WITH A DESCRIPTION OF THE SECURITY SOLD, THE ASSIGNMENT MADE, AGREEMENTS SIGNED, BETWEEN ALL OF THE MORTGAGE BROKERS, REAL ESTATE BROKERS, DEVELOPERS, APPRAISERS, MORTGAGE AGGREGATORS, INVESTMENT BANKERS, RETAIL OR OTHER SELLER OF SECURITIES AND THE INVESTORS WHO PURCHASED THE SECURITIES.

They also make additional claims for violation of Florida usury law; violation of securities law; common law fraud in the inducement and fraud in the execution of the closing documents; violation of Florida's Little FTC Act; TILA; RESPA; and RICO.

II. DISCUSSION

Ocwen moves to dismiss the Complaint and argues (1) that the Schreibers' claims are barred by judicial estoppel because the Schreibers failed to disclose claims related to their mortgage in their bankruptcy filings; and (2) that none of the Schreibers' claims state a cause of action.

A. Judicial Estoppel

Ocwen argues that the Schreibers filed a petition for Chapter 7 bankruptcy protection but failed to disclose their claims related to their mortgage in the bankruptcy proceedings and thus, they should be judicially estopped as a matter of law from asserting those claims in this case.[3]

---

[3] In support of this argument, Ocwen has filed a request for judicial notice of several documents – (1) copy of the mortgage executed by the Schreibers; copy of the

The judicial estoppel doctrine prevents parties from "deliberately changing positions according to the exigencies of the moment." Barger v. City of Cartersville, Georgia, 348 F.3d 1289, 1293 (11th Cir. 2003)(quoting Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1284 (11th Cir. 2002)). The Supreme Court recognized that although the circumstances under which judicial estoppel might be invoked will vary, three factors typically inform the decision: (1) whether the present position is clearly inconsistent with the earlier position; (2) whether the party succeeded in persuading a tribunal to accept the earlier position, so that judicial acceptance of the inconsistent position in a later proceeding would create the perception that either court was misled; and (3) whether the party advancing the inconsistent position would derive an unfair advantage on the opposing party if not estopped. New Hampshire v. Maine, 532 U.S. 742, 750-51, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001).

Incorporating these standards, the Eleventh Circuit has outlined two primary factors for establishing the bar of judicial estoppel – "'[f]irst, it must be shown that the allegedly inconsistent positions were made under oath in a prior proceeding. Second, such inconsistencies must be shown to have been calculated to make a mockery of the judicial system.'" Robinson v. Tyson Foods, Inc., 595 F.3d 1269, 1273 (11th Cir. 2010)(quoting Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1285 (11th Cir. 2002). These factors, however, are not exhaustive and the Court must

---

docket in the state court foreclosure action; the Schreibers' bankruptcy petition and schedules; motion for relief from automatic stay; and discharge order in the bankruptcy. While there is authority for the court to take judicial notice of these documents, see Beepot v. J.P. Morgan Chase National Corp. Serv., Inc., 2011 WL 4529604, *5 n.7 (M.D. Fla. Sept. 30, 2011), the Court need not specifically address this request based on its conclusion that it will not resolve the judicial estoppel argument on a motion to dismiss.

always give due consideration to the circumstances in a particular case.  Id.

Even if the Schreibers took inconsistent positions under oath by failing to disclose these claims in the bankruptcy case the issue of judicial estoppel will focus on the Schreibers' intent, which is a factual inquiry.  Robinson, 595 F.3d at 1275.  In order to show the requisite intent for judicial estoppel purposes, there must be "intentional contradictions, not simple error or inadvertence." Id. (quoting Am. Nat'l Bank of Jacksonville v. FDIC, 710 F.2d 1528, 1536 (11th Cir. 1983)).  Here, the Court is unwilling to make factual findings regarding the Schreibers' intent on a motion to dismiss.  Accordingly, the motion to dismiss the complaint on the grounds of judicial estoppel should be DENIED.

B. Failure to State a Claim

Ocwen argues that the Schreibers have failed to state a viable claim under any of their various theories.  For the reasons discussed below, the Court agrees.

Rule 8(a) of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim showing the pleader is entitled to relief."  If the complaint fails to state a claim upon which relief can be granted, a motion to dismiss may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  In deciding a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all factual allegations in the complaint as true and take them in the light most favorable to the plaintiff.  See United Techs. Corp. v. Mazer, 556 F.3d 1260, 1269 (11th Cir. 2009).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atl. Corp.

v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." Id.

The Court also recognizes that the Schreibers are proceeding in this matter pro se, and thus, in reviewing their complaint the undersigned applies the "liberal construction to which pro se pleadings are entitled." Holsomback v. White, 133 F.3d 1382, 1386 (11th Cir. 1998). However, while courts should show leniency to pro se litigants, "this leniency does not give a court license to serve as de facto counsel for a party . . .or to rewrite an otherwise deficient pleading in order to sustain an action." GJR Invs., Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998). Moreover, pro se litigants are still required to follow the Federal Rules of Civil Procedure. Giles v. Wal-mart Distribution Ctr., 359 F. App'x. 91, 93 (11th Cir. 2008)(citing GJR Invs., Inc., 132 F.3d at 1369).

The Schreibers' complaint does not contain a short plain statement of their claims as required by Rule 8, Fed.R.Civ.P. Nor does it delineate the alleged causes of action into counts or another organized manner. Rule 10(b), Fed.R.Civ.P. Their complaint includes limited factual allegations and fails to identify any specific federal and/or state laws allegedly violated by Ocwen, referring solely to "Federal Lending Law" and vague allegations of fraud, criminal theft and civil theft.  In the letters attached to the complaint the Schreibers identify the Federal Truth in Lending Act, RESPA, RICO, and the Little FTC Act; allege violations of federal and state securities law, state usury laws; and allege common law fraud in the inducement and fraud in the execution of the closing documents.  However, the Schreibers fail to allege sufficient facts to support any of their claims. In order to state a cause of

action they must identify each of the laws they claim Ocwen violated in separate counts of the complaint, and for each count, identify in separate numbered paragraphs the pertinent facts which support their contention that Ocwen acted in violation of the law.

Moreover, because several of the Schreibers' claims sound in fraud,[4] they must meet the heightened Rule 9(b) pleading requirements:

> In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

The Eleventh Circuit has held that Rule 9(b) is satisfied where a complaint sets forth (1) precisely what statements or omissions were made in what documents or oral representations or what omissions were made, and (2) the time and place of each statement and the person responsible for making (or, in the case of omissions, not making) them, and (3) the content of each statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud. Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1202 (11th Cir. 2001). Here, it is unclear precisely who made any false statement or omission, the content of any false statement or omission, when and by what means any statement or omission was made to the Schreibers, how each statement was false, how the Schreibers relied to their detriment on any purportedly false statement or omission, and how the purported false statement or omission led to the Schreibers' damage. Accordingly,

---

[4]This includes the Schreibers' claims for securities fraud and common law fraud and likely the claim for violation of the Little FTC Act, which is known as the FDUPTA. See e.g. Stires v. Carnival Corp., 243 F.Supp.2d 1313, 1322 (M.D. Fla. 2002)(noting that "[m]ost courts construing claims alleging violations of the Federal Deceptive Trade Practices Act or its state counterparts have required the heightened pleading standard requirements of Rule 9(b).")

the Schreibers' fraud claims should be dismissed because they fail to comply with the particularity requirement of Rule 9(b).

Viewing the complaint in the light most favorable to the Schreibers and liberally construing their allegations, the Court concludes that they have failed to state a claim upon which relief may be granted.[5] While the Court should show leniency to pro se litigants, this leniency does not give a court license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action. GJR Investments, Inc. V. County of Escambia, Florida, 132 F.3d 1359, 1369 (11th Cir. 1998). The Schreibers should, however, be granted an opportunity to clarify their allegations in an amended complaint.

In amending their complaint, the Schreibers should carefully review the foregoing to determine whether they can present allegations sufficient to state a cause of action under the relevant law. If they are able to file an amended complaint it must contain all of the Schreibers' allegations. The amended complaint will completely replace the original complaint, which thereafter will be disregarded.

III.  RECOMMENDATION

Accordingly, it is respectfully recommended that Ocwen's motion to dismiss (Doc. 6) be GRANTED in part and denied in part and that the complaint be

---

[5] Ocwen also raise substantive challenges to the alleged security violation, common law fraud, TILA claim, RESPA claim, RICO claim, and FDUPTA. The Court will be in a better position to address such substantive arguments after Plaintiffs have filed an amended complaint in which they identify each of the laws they claim that Ocwen has violated in separate counts of the complaint, and for each count, identify in separate numbered paragraphs the pertinent facts which support the contention that Ocwen acted in violation of the law.

DISMISSED with leave to amend consistent with this Report and Recommendation.

DONE AND ENTERED in Ocala, Florida, on October 17, 2011.

THOMAS B. SMITH
United States Magistrate Judge

Copies to:

Timothy J. Corrigan
United States District Judge

Pro Se Plaintiffs
Counsel of Record