**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

DAVID C. SCHREIBER,
BERNADETTE SCHREIBER,

        Plaintiffs,

v.                                                                          CASE NO.: 5:11-cv-211-Oc-32TBS

OCWEN LOAN SERVICING, LLC,

        Defendant.
_____

## ORDER

This case is before the Court on Ocwen Loan Servicing, LLC's Motion to Dismiss Plaintiffs' First Amended Complaint (Doc. 23). Plaintiffs, the Schreibers, have filed no response, although counsel for Ocwen certified they were served by U.S. mail.[1] The Schreibers' previous complaint (Doc. 1) was dismissed by this Court without prejudice for failure to state a claim because the Schreibers included only limited factual allegations, failed to properly identify the laws which Ocwen allegedly violated, and failed to meet the heightened Rule 9(b) pleading requirements for fraud (Doc. 21, adopting Magistrate Judge's Report and Recommendation (Doc. 20)).

---

[1] Since Ocwen filed its motion to dismiss the Schreibers have filed a Motion for Sanctions and Clear Title (Doc. 25); a notice entitled "File on Demand," which included a motion to the Circuit Court for the Fifth Judicial Circuit of the State of Florida in and for Marion County in Case No. 09-6248-CA-G to cancel the impending foreclosure sale and an order issued from that court denying the Schreibers' motion (Doc. 26); a motion for an evidentiary hearing (Doc. 28); a certificate of disbursements and a certificate of title (Doc. 29); a notice of lis pendens (Doc. 30); and a notice of change of address (Doc. 31). Although none of these documents mention Ocwen's pending motion to dismiss, the Court has taken them into consideration in arriving at this decision.

In the Schreibers' amended complaint, styled "Affidavit" (Doc. 22), the Schreibers allege that Ocwen has committed "fraud on the court" by filing fraudulent papers and for failing to establish a "proper trust." They ask that the Court require Ocwen to provide proof that it legally holds the Schreibers' mortgage note and that it was entitled to foreclose upon the Schreibers' property. Additionally, the Schreibers seek clear title to the property at issue.

The Schreibers allege that Ocwen sued to foreclose upon the property in November of 2009 in the Circuit Court for the Fifth Judicial Circuit of the State of Florida in and for Marion County, Case No. 09-6248-CA-G. However, the date on the Assignment of Mortgage is February 12, 2010, and therefore the Schreibers assert that Ocwen had no standing to sue for foreclosure in November of the previous year. Moreover, relying entirely on Florida case law and rules, the Schreibers argue that Ocwen is guilty of fraud. The Schreibers maintain that Ocwen filed fraudulent documents in state court with the intent to defraud both the court and the Schreibers.

The Court is without jurisdiction to hear this action. First, the Schreibers allege no federal claims in their amended complaint. Unlike their previous complaint, which failed to identify any specific federal laws violated by Ocwen but generally referred to "Federal Lending Law," their amended complaint does not allege a violation of federal law - or mention a federal law - in any way. Next, and more conclusive, this Court lacks subject matter jurisdiction under the Rooker-Feldman doctrine.

"The Rooker-Feldman doctrine makes clear that federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court." Casale v. Tillman, 558 F.3d 1258, 1260 (11th

Cir. 2009). The doctrine applies when: (1) the party in federal court is the same as the party in state court; (2) the prior state court ruling was a final or conclusive judgment on the merits; (3) the party seeking relief in federal court had a reasonable opportunity to raise its federal claims in the state court proceeding; and (4) the issue before the federal court was adjudicated by the state court, or was inextricably intertwined with the state court's judgment. Storck v. City of Coral Springs, 354 F.3d 1307, 1310 n.10 (11th Cir. 2003). A federal action is inextricably intertwined if it would effectively nullify the state court judgment or if the action "succeeds only to the extent that the state court wrongly decided the issues." Casale, 558 F.3d at 1260 (citations omitted).

This action falls squarely within the confines of the Rooker-Feldman doctrine. The parties to this suit are the Schreibers and Ocwen, the very same parties to Case No. 09-6248-CA-G. The prior state court ruling in favor of Ocwen and foreclosing upon the property is a final judgment. Doc. 24, Ex. 8.[2] Next, the Schreibers had ample opportunity to assert

---

[2] The Eleventh Circuit has held that when considering a Rule 12(b)(6) motion to dismiss, a court may take judicial notice of the public record, without converting the motion to dismiss to a motion for summary judgment. This is because such documents are capable of accurate and ready determination. Makro Capital of America, Inc. v. UBS AG, 372 F. Supp.2d 623, 627 (S.D. Fla. 2005)(citing Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1279-80 (11th Cir. 1999)); see also Universal Express, Inc. v. SEC, No. 05-13142, 2006 WL 1004381, at * 1-2 (11th Cir. 2006). Thus, the Court may take judicial notice of documents filed in other judicial proceedings, because they are public documents, without converting the motions to dismiss filed herein to motions for summary judgment, see Universal Express, 2006 WL 1004381, at * 2, for the limited purpose of recognizing the "judicial act" taken, or the subject matter of the litigation and issues decided (as opposed to adopting the findings of fact made therein). Young v. City of Augusta, Ga., 59 F.3d 1160, 1166 n.11 (11th Cir. 1995); In re Delta Resources, Inc., 54 F.3d 722, 725 (11th Cir. 1995). Furthermore, the Court may consider the record in previous cases to clarify the meaning of the court orders. Wagner v. Daewoo Heavy Industries America Corp., 289 F.3d 1268, 1274 n.7 (11th Cir.), vacated on different grounds, 298 F.3d 1228, 314 F.3d 541 (11th Cir. 2002).

their claims of fraud during the state court proceedings. Indeed, the supplemental filings attached to Ocwen's motion tend to show that the Schreibers took advantage of that opportunity, specifically arguing to the state court that Ocwen had no standing to sue and that Ocwen perpetrated fraud upon the court. Doc. 24, Exs. 4,6. The state court rejected these arguments, finding in favor of Ocwen, thus satisfying the fourth prong of the Rooker-Feldman doctrine.

Even if the Schreibers have not presented all of their current claims to the state court, the issue before this Court is inextricably intertwined with the previous judgment. Specifically, the Schreibers seek relief from the state court judgment against them. They have filed a "notice of lis pendens" in both this Court and the state court (Doc. 30), directing Ocwen to refrain from selling the property at issue until this case is decided. Also, in their amended complaint the Schreibers explicitly request that the Court issue an order compelling Ocwen to transfer legal title of the property to the Schreibers. Consequently, for the Court to find that Ocwen perpetrated a fraud on the Schreibers and the state court would be tantamount to finding that the state court wrongly ruled in Ocwen's favor. See Casale, 558 F.3d at 1260. In analogous cases, the Eleventh Circuit has held similar facts to be proof that two cases are inextricably intertwined. Harper v. Chase Manhattan Bank, 138 F. App'x 130, 133 (11th Cir. 2005) ("Harper's claims under the TILA, FDCPA and ECOA were inextricably

---

See generally Schafler v. Indian Spring Maintenance Ass'n., 139 Fed. Appx. 147, 149 (11th Cir. 2005)(court took judicial notice of orders issued in previous lawsuits finding requirements of *res judicata* met and dismissing complaint).

    Accordingly, on the motion of Defendant Ocwen Loan Servicing LLC, the Court will take judicial notice of those papers on public record filed by Ocwen (Doc. 24).

intertwined, as is shown by her request for an injunction to restrain Chase from enforcing the foreclosure.").

The Court cannot rule on the facts of this case without reviewing the facts and judgment in Case No. 09-6248-CA-G, and thus, the Court is without jurisdiction to hear the Schreibers' claim. To the extent the Schreibers continue to desire review of the state court's judgment in Case No. 09-6248-CA-G, they may seek appellate relief in the appropriate state forum. Ocwen's motion to dismiss is due to be granted.[3]

Accordingly it is hereby

**ORDERED**:

1.     Ocwen Loan Servicing, LLC's Motion to Dismiss Plaintiffs' First Amended Complaint (Doc. 23) is **GRANTED**.

2.     Plaintiffs David C. Schreiber and Bernadette Schreiber's First Amended Complaint, styled "Affidavit" (Doc. 22), is **DISMISSED with prejudice**.

3.     The Clerk shall terminate all pending motions and close the file.

---

[3] Because the Court is without jurisdiction to hear the Schreibers' claims, the Court need not address Ocwen's remaining arguments for dismissal. Also, Ocwen has requested oral argument regarding its motion to dismiss (Doc. 27). The Schreibers have not requested oral argument regarding the pending motion, but have filed a motion for a hearing to "determine the evidence." Under these circumstances, in which the Schreibers have not responded to the motion nor requested oral argument, a hearing on the motion is not necessary.

**DONE and ORDERED** in Jacksonville, Florida this 9th day of July, 2012.

_____
TIMOTHY J. CORRIGAN
United States District Judge

kh.
Copies to:

counsel of record
pro se parties